UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JUAN VICTOR ALBARADO, *et al*, § § Plaintiffs, § VS. § FIRST HORIZON HOME LOAN § CORPORATION, § § Defendant. § | § § § § CIVIL ACTION NO. 3:13-CV-00118 § § § § § § |

# **MEMORANDUM AND ORDER**

Plaintiffs Juan Victor Albarado and Margarita Albarado bring this home foreclosure suit against their mortgage lender, Defendant First Horizon Home Loan Corporation. The Albarados, alleging that First Horizon made fraudulent misrepresentations to them concerning a potential loan modification, assert claims for breach of contract, common law fraud, and trespass to try title. First Horizon now moves to dismiss their suit. The Court has considered the briefing, the alleged facts, and the relevant law, and now **GRANTS** Defendant's Motion to Dismiss.

## I.   BACKGROUND[1]

In April 2004, Juan Victor Albarado and Margarita Albarado purchased the home in question, located in Lake Jackson, Texas (the "Property"), with the help of

---

[1] The Court recites this background taking all well-pleaded facts in the Albarados' Amended Complaint as true and viewing them in the light most favorable to the Albarados, as it must do at the Rule 12 stage.

a $74,237 loan from First Horizon. The Albarados began having financial difficulties during the loan's term. As a result, the Albarados and First Horizon entered into debt restructuring negotiations in hope of modifying the loan's terms and conditions.

The Albarados allege that First Horizon committed a number of misdeeds and misrepresentations during the foreclosure process, with the primary allegation being that First Horizon told them they would be given a loan modification in exchange for a one-time payment of $5,600. Docket Entry No. 5 ¶ 9. First Horizon's representatives also informed the Albarados that "they were to ignore any foreclosure notices that they received while in loan modification status" and that First Horizon "would not take any action to foreclose on the Property while in loan modification status." *Id.*

The Albarados made the payment as instructed, but were served with a Suit to Evict while they awaited confirmation of the promised loan modification. *Id.* at ¶¶ 9–10. First Horizon then conducted a foreclosure sale of the Property on November 6, 2012, at which First Horizon purchased the Property allegedly in violation of the parties' agreement and without proper and timely notice "in defiance of the Plaintiffs' legal rights." *Id.* at ¶ 11. First Horizon attempted to enter the Property to evict the Albarados, but the Albarados have "physical

possession of the Property[,] [which] they never relinquished or abandoned." *Id.* at ¶¶ 12, 14.

The Albarados filed suit in state court in March 2013. Defendants timely removed to this Court the next month and promptly moved to dismiss. The Court allowed the Albarados to file an amended complaint, which they did in May 2013. First Horizon then renewed its motion to dismiss, which is now ripe for review.

## II. RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). The court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a motion to dismiss, a claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

### A. *Breach of Contract*

The Albarados' claim for breach of contract is at the core of their complaint. The alleged breach is First Horizon's refusal to stay foreclosure proceedings and grant them a loan modification that they were promised in exchange for a one-time payment of $5,600.00. But the Albarados do not allege that this alleged oral promise was ever reduced to writing. Because this is an oral modification to a written loan agreement, First Horizon correctly asserts a statute of frauds defense. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) ("It is well-settled in Texas that agreements pertaining to loans in excess of $50,000 must be in writing, including modifications of those agreements." (citing Tex. Bus. & Com. Code § 26.02)).

The Albarados acknowledge the applicability of the statute of frauds, but contend that they nonetheless have a viable breach of contract claim on the grounds of waiver or promissory estoppel. Unfortunately for the Albarados, Texas contract law also rejects these theories. Despite having had an opportunity to amend their complaint, the Albarados do not allege that First Horizon promised to sign a document comporting with Texas's statute of frauds memorializing those promises. As the Fifth Circuit has held, "[t]his omission is fatal to [loan

modification] promissory estoppel claims." *Id.* at 726 (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256–57 (5th Cir. 2013), noting "that promissory estoppel only overcomes Texas's statute of frauds when the alleged oral agreement to modify a loan is accompanied by the lender's or its agent's promise to sign a written agreement validating the oral agreement that itself satisfies the statute of frauds").

The Albarados cite a case from the Western District of Texas to support their contentions that waiver and estoppel claims are not barred by the statute of frauds because First Horizon "induced them to default." Docket Entry No. 7 at 1–2 (citing *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 585 (W.D. Tex. 2012) (*Montalvo I*)). *Montalvo I* offered some hope for plaintiffs in the Albarados' situation when it held that in "a case in which the mortgagor would not have defaulted but for being told by the mortgage servicer to make a lower payment than required by the Note under an unenforceable oral agreement . . . a mortgagor would have a strong argument that the mortgage servicer induced the default and thereby excused it or is otherwise estopped from relying on the default to accelerate the note and foreclose." *Montalvo I*, 864 F. Supp. 2d at 585. That was not, however, the end of *Montalvo*. After requesting supplemental briefing on the estoppel issue, the district court rejected the plaintiff's estoppel and implied waiver

arguments as barred under the statute of frauds. *See Montalvo v. Bank of Am. Corp.*, 2013 WL 870088, at *8 (W.D. Tex. Mar. 7, 2013) (*Montalvo II*) ("Nonetheless, any implied claim of waiver fails because the claim would solely rely on evidence of unenforceable oral representations allegedly made by Defendants."); *id.* at *11 ("The promissory estoppel exception to the statute of frauds does not avail Plaintiff in this case because there is no evidence that Defendants promised to execute a writing that satisfied the statute of frauds, nor is there evidence that Defendants represented that the statute of frauds had been satisfied." (*citing Milton v. U.S. Bank, N.A.*, No. 12-40742, 2013 WL 264561, at *2 (5th Cir. Jan. 18, 2013)).

Having established that the statute of frauds bars all of the Albarados' breach of contract theories, dismissal of these claims is warranted. *See Miller*, 726 F.3d at 726 ("When a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." (citation and internal alterations omitted)).

### B. Fraud

To state a fraud claim under Texas law, the Albarados must plead that "(1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of the truth; (4) the speaker

made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result." *Coffel v. Stryker Corp.*, 284 F.3d 625, 631 (5th Cir. 2002). Furthermore, Federal Rule of Civil Procedure 9(b) requires that they "state with particularity the circumstances constituting fraud of mistake." Fed. R. Civ. P. 9(b); *see also Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (explaining that a plaintiff asserting a fraud claim must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." (citations and internal quotation marks omitted)). "However, the Fifth Circuit has also stated that the 'time, place, contents, and identity standard is not a straitjacket for Rule 9(b).'" *Simms v. Jones*, 879 F. Supp. 2d 595, 599 (N.D. Tex. 2012) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)). "Rule 9(b)'s ultimate meaning is context-specific, and thus there is no single construction of Rule 9(b) that applies in all contexts." *Grubbs*, 565 F.3d at 188 (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)).

Despite having had the opportunity to amend their Compliant and provide additional detail, the Albarados' fraud claim fails to meet the Rule 9 standard. The Albarados' fraud claim hinges on the contentions that "First Horizon made false

and material representations to Albarado when informing Albarado that they were not allowed to make any mortgage payments while in loan modification status"; "First Horizon's representatives informed them that they were to ignore any foreclosure notices that they received while in loan modification status"; and "First Horizon's representatives informed them that they would not take any action to foreclosure on their Property while in loan modification status." Docket Entry No. 5 ¶ 18.

The Albarados have not alleged with any degree of specificity who made these statements, when and how they were made, and why First Horizon or its representative knew the statements were false. Because the Albarados have placed no flesh on the skeletal allegations listed above, the fraud claim does not satisfy Rule 9(b).[2] *See U.S. ex rel. Steury v. Cardinal Health, Inc.,* --- F.3d ----, 2013 WL 4436264, at *2 (5th Cir. Aug. 20, 2013) ("Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud.") (citation omitted); *Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011) (affirming the district court's dismissal of plaintiff's fraud claim because

---

[2] The fraud allegations are far less detailed than those this Court found sufficient in another foreclosure case in which the plaintiff identified a specific letter with a date that purportedly contained the misrepresentations. *See Auriti v. Wells Fargo Bank, N.A.*, 2013 WL 2417832, at *4 (S.D. Tex. June 3, 2013) (finding fraud claims sufficiently pleaded where defendant made "repeated promises regarding modification" and gave plaintiff a written letter granting her a "trial loan modification").

"[a]lthough he alleged that Aurora told him to default on his mortgage so that he would qualify for a loan modification and that it would not foreclose despite the default, he did not allege in the district court when and where Aurora's allegedly fraudulent statements were made."); *Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 WL 286250, at *7 (S.D. Tex. Jan. 24, 2013) (dismissing fraud claim for failing to satisfy Rules 12(b)(6) and 9(b) where "Plaintiffs conclusorily state[d] it was their 'understanding' that Defendants would, in contravention of the terms of the Deed of Trust and the Note underlying the agreement between the parties, enter into a modification of the Deed of Trust and not proceed with foreclosure.").

But even if the Albarados had pleaded the details of this alleged fraud with greater specificity, a recent Fifth Circuit decision holds that it would have been unreasonable as a matter of law for them to have relied on these alleged misrepresentations in the face of a written loan agreement with plainly contradictory terms. *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 330 (5th Cir. 2013) (per curiam) ("[R]eliance on oral representations by customer service representatives that were contradicted by the terms of the loan agreement and the notice of foreclosure was not reasonable as a matter of law." (citing *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 795 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)).

For both of these reasons—failure to meet Rule 9's particularity requirement and *Milton*'s holding that reliance on oral representations that contradict a written loan agreement is unreasonable—the fraud claim will be dismissed.

## C. *Trespass to Try Title*

The Albarados's final claim for trespass to try title fails for a simple reason—the complaint acknowledges that they "occupied the Property at the time when this lawsuit was filed and continue to be in possession of the Property." Docket Entry No. 7 at 3–4. Texas law requires the Albarados to allege that First Horizon is in possession of the Property to sustain a trespass to try title claim. Tex. R. Civ. P. 784 ("The defendant in the action shall be the person in possession if the premises are occupied . . ."). Because the Albarados admit that they—not First Horizon—are occupying and in possession of the property, their trespass to try title claim will be dismissed. *See Martinez v. CitiMortgage, Inc.*, 2013 WL 2322999, at *2 (S.D. Tex. May 28, 2013) ("Plaintiff does not allege[] that CMI has dispossessed him of the Property. Indeed, he alleges specifically that he is 'currently in possession of the Property.' As a result, Plaintiff has failed to plead a viable trespass to try title claim, and Defendant's Motion to Dismiss the claim is granted.") (citation omitted); *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) ("Since Plaintiff has failed to allege that she

has lost possession of the property, her claim for trespass to try title fails and should be dismissed with prejudice.").

IV. **CONCLUSION**

For the reasons discussed above, the Albarados have failed to state claims upon which relief can be granted. Because the Albarados have not proposed any new allegations that could state a legally sufficient claim against First Horizon, an additional opportunity to amend is not warranted. First Horizon's Motion to Dismiss Amended Complaint (Docket Entry No. 6) therefore is **GRANTED** and the Albarados' claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** this 17th day of October, 2013.

_____
Gregg Costa
United States District Judge